IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY AUTOMOTIVE MACHINISTS LODGE NO. 1546, MACHINISTS AUTOMOTIVE TRADES DISTRICT LODGE 190,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>  Defendant.<br>_____/ | No. C-05-2741 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**<br><br>(Docket No. 11) |

    Before the Court is the motion for summary judgment filed November 10, 2005 by defendant National Labor Relations Board ("the NLRB"). Plaintiff East Bay Automotive Machinists Lodge No. 1546, Machinists Automotive Trades District Lodge 190 ("East Bay") has filed opposition to the motion; the NLRB has filed a reply. Having considered the papers filed in support of and in opposition to the NLRB's motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(a), and hereby VACATES the December 16, 2005 hearing.

    For the reasons set forth in the NLRB's motion and reply, the Advice Memorandum at issue is exempt from disclosure pursuant to Exemption 5 of the Freedom of Information Act. See 5 U.S.C. § 552(b)(5); see also NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 159-60 (1975) (holding NLRB Advice Memoranda directing filing of complaint constitute

attorney work product protected from disclosure under Exemption 5); <u>Federal Trade Commission v. Grolier Inc.</u>, 462 U.S. 19, 20, 28 (1983) (holding attorney work product exempt from disclosure under Exemption 5 "without regard to the status of the litigation for which it was prepared").

    Accordingly, NLRB's motion for summary judgment is hereby GRANTED.

    The Clerk shall close the file.

    **IT IS SO ORDERED.**

Dated: December 5, 2005

MAXINE M. CHESNEY
United States District Judge